**FILED**
**Jun 02, 2025**
**07:49 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **TRACY KENNEY, JR.,** | ) | **Docket No. 2025-20-0343** |
| **Employee,** | ) | |
| **v.** | ) | |
| **COVENANT LOGISTICS GROUP,** | ) | |
| **INC.,** | ) | **State File No. 29054-2024** |
| **Employer,** | ) | |
| **And** | ) | |
| **SAFETY NATIONAL CASUALTY** | ) | |
| **CORP.,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

### EXPEDITED ORDER
### (Decision on the Record)

---

Mr. Kenney requested increased and extraordinary benefits, medical benefits and temporary disability benefits arising from a March 1, 2024 injury. The parties requested a decision on the record without an evidentiary hearing. The Court finds Covenant Logistics fulfilled its obligation to provide temporary disability and medical benefits for Mr. Kenney's compensable claim. However, his initial permanent disability benefit award has not been determined through judgment or settlement approval. Thus, the Court declines to issue a decision on increased or extraordinary permanent disability benefits at this time.

### Claim History

Mr. Kenney was driving a truck when an SUV struck him on the driver's side. He reported the accident the same day. Covenant submitted a panel, from which Mr. Kenney chose Dr. Natasha Ballad to treat his back, neck and right shoulder. Dr. Ballad's physician assistant saw him that same day and gave work restrictions of no lifting over ten pounds. She also wrote that Mr. Kenney's symptoms were more than 51% related to his work injury.

1

On April 23, Covenant offered Mr. Kenney a job within his restrictions, and he accepted two days later.

Mr. Kenney continued treating with Dr. Ballad's physician assistant, and on his third visit, he reported pain and weakness in his right hand. She noted that these symptoms were "out of proportion to exam findings and mechanism of injury." She referred him to an orthopedist and continued his work restrictions.

Mr. Kenney selected Dr. James Jolley from a panel. Dr. Jolley reviewed Mr. Kenney's cervical MRI and decided he had not suffered a neck injury. He gave work restrictions of no lifting over 20 pounds with the right arm and referred him to Dr. Thomas Brown for a shoulder evaluation.

Dr. Brown noted that the physical exam was "unremarkable" and ordered a shoulder MRI. He did not adopt or assign any work restrictions during the first visit.

The MRI report described a nondisplaced labrum tear and mild bursitis, but Dr. Brown said the report might be unreliable because the MRI was performed without contrast. He further noted that the compact disc that contained the MRI images was not compatible with his computer and he was unable to view them. Still, he decided that Mr. Kenney's condition would not require surgery and recommended a rotator cuff rehabilitation program.

In September, Dr. Brown again noted "unremarkable" findings when he examined Mr. Kenney's shoulder and wrote that he had "[n]o labral signs," was ready to return to work, and had reached maximum medical improvement. He said he would see him "as needed" and did not place any permanent work restrictions.

Later that month, Mr. Kenney resigned from his position at Covenant.

Dr. Brown later noted that Mr. Kenney was "doing extremely well in terms of his right shoulder" and assigned a 0% physical impairment.

After Mr. Kenney filed a Petition for Benefit Determination, Covenant sent him Requests for Admission asking him to admit or deny that he does not want to go back to either Dr. Jolley or Dr. Brown for future medical treatment. Mr. Kenney responded in the affirmative.

Covenant submitted an affidavit of Amanda Brett Church, the adjuster assigned to Mr. Kenney's claim. Ms. Church testified that he was placed on work restrictions beginning April 17 and was paid temporary total disability benefits from that date until he was offered modified work on April 23.

2

Mr. Kenney worked under modified duty from April 25 through August 11 for $7.25 per hour. The hours offered to him varied each week, and he did not always work all the proposed hours. Despite Dr. Brown ending work restrictions in June, Covenant continued to provide a modified job assignment until August 13.

Ms. Church testified that while Mr. Kenney worked on restrictions, Covenant paid temporary partial disability benefits based on hours worked.

### Findings of Fact and Conclusions of Law

Mr. Kenney must prove that he is likely to prevail at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Medical Benefits*

Mr. Kenney first argued that Covenant did not submit proper panels to treat his work injury. However, the record reflects Covenant gave two panels under section 50-6-204(a)(1)(A) and honored Dr. Jolley's direct referral to Dr. Brown. Thus, the Court finds Covenant followed the statutory requirements for the provision of medical care.

Next, the Court must analyze whether Mr. Kenney is likely to prove to a reasonable degree of medical certainty that his work injury contributed more than 50% in causing the need for treatment. Shown to a reasonable degree of medical certainty" means that, in the physician's opinion, it is more likely than not considering all causes. Additionally, the causation opinion of the panel-selected physician shall be presumed correct but is rebuttable by a preponderance of the evidence. § 50-6-102(12).

The Court finds Mr. Kenney is unlikely to prevail in proving he requires further treatment "made reasonably necessary" by his compensable shoulder injury. Only treatment recommended by a panel-selected physician or by referral if applicable, shall be presumed medically necessary. § 50-6-204(a)(3). Here, Dr. Brown ordered an MRI, which results were normal, and further noted that Mr. Kenney's condition only required rotator cuff rehabilitation and was non-surgical. Dr. Brown returned him to full duty, noted how he was in excellent condition, and did not recommend additional treatment. Mr. Kenney did not present any evidence to contradict Dr. Brown's recommendations or opinion.

Further, Dr. Jolley gave an opinion that Mr. Kenney's neck condition is not surgical and does not require further treatment. His opinion, as an authorized physician, is also presumed correct.

3

Based on the evidence at this time, the Court finds that Mr. Kenney did not present expert proof sufficient to overcome the opinions of Dr. Brown and Dr. Jolley that additional medical treatment is not necessary. Dr. Brown remains the authorized treating physician as long as he is willing to treat Mr. Kenney. *Baker v. Electrolux*, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *8-9 (Oct. 20, 2017).

*Temporary Disability Benefits*

To prevail in showing entitlement to temporary disability benefits, Mr. Kenney must show: 1) he became disabled from working due to a compensable injury; 2) a causal connection exists between his injury and inability to work, and 3) the duration of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). The medical records show that Mr. Kenney was never removed completely from work by an authorized physician. The Court finds he is unlikely to prevail at a hearing on the merits in requesting temporary total disability benefits.

While Mr. Kenney was not completely removed from work, he was given restrictions. An injured worker is entitled to temporary partial disability benefits "where the treating physician has released the injured worker to return to work with restrictions prior to maximum recovery, and the employer . . . cannot return the employee to work within the restrictions." *Id.* at *8.

Covenant offered a modified position beginning April 23 through August 11, beyond the period he was under work restrictions. Covenant paid Mr. Kenney $7.25 an hour and gave him the choice to work up to 40 hours a week. However, the record reflects that for various reasons, he did not always work the available hours, and some weeks he did not work at all.

Mr. Kenney has not proven his injury or work restrictions kept him from working all the hours offered for the weeks he was on modified work duties. Nor has he provided any information on his period of alleged disability. Thus, the Court finds he is unlikely to prove entitlement to more temporary partial disability benefits.

Lastly, Covenant filed a wage statement, and the Dispute Certification Notice lists that the parties did not agree on the average weekly wage. However, Mr. Kenney did not submit any evidence establishing that the wage statement was incorrect. Therefore, the Court considers the wage statement valid unless proven otherwise at a later hearing.

It is **ORDERED as follows:**

1.  Mr. Kenney's claim against Covenant Logistics for the requested benefits is denied at this time.

2. The Court sets a status hearing on **June 26** at **10:00 a.m. Eastern Time**. The parties must dial **855-543-5044** to participate in the hearing.

**ENTERED June 2, 2025.**


Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


## APPENDIX

The Court reviewed the entire case file in reaching its decision. Specifically, the Court considered the following documents:
**Exhibits**

1. Affidavit
2. Petition for Benefit Determination
3. Dispute Certification Notice
4. Affidavit of Tracy Kenney
5. Traffic Crash Report
6. Requests for Admission responses
7. Affidavit of Amanda Brett Church
8. Physician Panels
9. Covenant handbook and acknowledgement sheet
10. Light duty job offer and acceptance
11. Payroll ledger
12. Wage Statement
13. Temporary disability letter
14. Emails with return to work coordinator
15. Truck photos
16. Mr. Kenney's Interrogatory responses
17. Medical records from Dr. Ballard
18. Medical records from Prime Imaging
19. Medical records from Dr. James Jolley
20. Medical records from Dr. Thomas Brown
21. Medical records from Lennox Hill Radio
22. Form C-30A Dr. Thomas Brown
23. Fax cover sheet from Dr. Thomas Brown
24. Letter of Dr. Thomas Brown
25. Medical examiner's certification from Centers Urgent Care
26. Letter of Dr. James Jolley

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on June 2, 2025.

| Name | First Class Mail | Email | Service sent to: |
|---|---|---|---|
| Tracy Kenney, Employee | | X | kenneytracy2@gmail.com |
| Brett Burrow, Employer's Attorney | | X | bburrow@burrowlee.com<br>tbrasher@burrowlee.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**NOTICE OF APPEAL**
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

**Statement of the Issues on Appeal**
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

**Parties**
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee
Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____
*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*